IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 97-30005-03-GPM |
| THEODORA OVERTON, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Theodora Overton wrote to the Court in August 2008 asking whether she might be entitled to a reduction in her sentence because of the recent amendments to the United States Sentencing Guidelines (*see* Doc. 167). The Court appointed counsel to represent Overton on this issue, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). *See Anders v. California*, 386 U.S. 738, 744 (1967). Overton did not respond to the motion to withdraw, even though she was given an opportunity to do so.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under

§ 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Overton cannot satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").

Overton's sentencing guideline range was life imprisonment because she was subjected to a *statutory* sentence of mandatory life imprisonment. Overton was lucky, however – because she cooperated with the Government, District Judge Beatty departed from the guideline range and sentenced her to 180 months imprisonment, not life. But because her sentence was *based* on a statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not her base offense level set

forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, a guideline sentence would have always been life imprisonment. Thus, the amendments did not lower her guideline range, and she cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider her reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 172) and **DISMISSES** the motion for a sentence reduction (Doc. 167) for **lack of jurisdiction**. The Clerk is **DIRECTED** to mail a copy of this order to Defendant Theodora Overton, #08411-424, Federal Medical Center Carswell, P.O. Box 27137, Ft. Worth, TX 76127.

**IT IS SO ORDERED.**

DATED: 6/15/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge